UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TOWNSEL MYERS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-273 |
| | § | |
| PAROLE BOARD/UNKNOWN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Townsel Myers, currently detained at the East Texas Treatment Facility, has filed this pro se prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. D.E. 1. As of the time he filed his complaint, Plaintiff was confined at the Nueces County Jail in Corpus Christi, Texas. On October 24, 2019, United States Magistrate Judge Jason B. Libby granted Plaintiff leave to proceed *in forma pauperis* ("IFP") in this action. D.E. 13. However, as discussed below, a review of Court records reveals that Plaintiff is ineligible to proceed IFP and must pay the full filing fee to proceed.

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule

provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. *See Myers v. Texas Dep't of Criminal Justice*, No. 4:17-cv-284 (S.D. Tex. Jan. 31, 2017) (dismissed as frivolous and for failure to state a claim); *Myers v. Does*, No. 4:14-cv-966 (S.D. Tex. May 19, 2014) (dismissed as frivolous); *Myers v. UTMB-MHC*, No. 2:04-cv-61 (S.D. Tex. Mar. 19, 2004) (dismissed for failure to state a claim based on the failure to exhaust administrative remedies).[1] Therefore, Plaintiff is barred from filing this civil suit IFP unless he is in imminent danger of physical injury.

This Court must assess whether Plaintiff is exposed to imminent danger of serious injury at the time that he filed his motion. *Choyce v. Dominguez,* 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing *Baños,* 144 F.3d at 884–85). To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). In addition, the harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted). Congress intended a safety valve to

---

[1] The Fifth Circuit Court of Appeals has held that a dismissal for failure to exhaust administrative remedies counts as a strike. *See, e.g., Emmett v. Ebner*, 423 F. App'x 492, 494 (5th Cir. 2011) (per curiam).

prevent impending harms, not those injuries which allegedly had already occurred. *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

In this action, Plaintiff asserts that Defendants have set forth discriminatory parole conditions that interfered with his ability to attend religious services. D.E. 1. There is no indication that Plaintiff is exposed to imminent danger of serious injury. Because he has failed to allege that he was in imminent danger of physical harm at the time he filed the complaint, he is barred from proceeding IFP.

Accordingly, the Order entered on October 24, 2019 (D.E. 13) is hereby **VACATED**. Plaintiff is not eligible to proceed IFP, and his complaint is **DISMISSED**. The Clerk of Court is **DIRECTED** to send a copy of this Order to the "Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov" and is further **DIRECTED** to **CLOSE** this case. Plaintiff may move to reinstate this action within thirty (30) days of the date of the entry of this Order, but only if the appropriate filing fee is paid simultaneously with the motion to reinstate.

ORDERED this 21st day of November, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE